IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 5931 |
| | ) | |
| SOO LINE RAILROAD COMPANY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Soo Line Railroad Company's (Soo Line) motion to transfer. For the reasons stated below, the motion to transfer is granted.

## BACKGROUND

Plaintiff Ronald Ward (Ward) alleges that he suffered an on-the-job injury while working in Canada for Soo. Ward was allegedly sitting in an engineer's seat (Seat) in a locomotive when the Seat collapsed, causing injuries to Ward (Incident). Ward filed the instant action in Illinois state court and included in his complaint negligence and products liability claims brought against Soo and other Defendants that Ward believes were involved in the manufacture of the Seat. On July 6, 2015,

1

Soo Line removed the instant action to federal court. Soo Line now moves to transfer the instant action to the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a) (Section 1404(a)). Ward has not filed any opposition to the motion to transfer, but Defendant Seats Incorporated and Defendant Nordic Group of Companies, Ltd. (collectively referred to as "Moving Defendants") have filed an opposition to the instant motion.

**LEGAL STANDARD**

A district court may transfer an action to another district where the action might have been brought pursuant to Section 1404(a) "[f]or the convenience of parties and witnesses," and if it is "in the interest of justice . . . ." 28 U.S.C. § 1404(a). In order to transfer a case, the transferor court must first find that: (1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)(stating that a court "in which a suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and (2) venue is proper in the transferee district. *See* 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought").

**DISCUSSION**

Soo Line moves to transfer the instant action to the Northern District of Indiana.

I. Ward's Choice of Forum

Ward's choice of forum is entitled to deference. In considering whether to transfer an action, the court should "give some weight to the plaintiff's choice of forum." *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *see also In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(stating that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'")(quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). While the court should consider Ward's desire to proceed in the Northern District of Illinois, Ward's choice of forum is merely one factor to consider and is not a controlling factor, particularly when a case has such limited connections to the chosen forum as in this case. In addition, when considering the plaintiff's preference, the court must consider the fact that Ward filed no opposition to the motion to transfer. Soo Line also has shown that Ward has filed another action in federal court in the Northern District of Indiana (Indiana Action) against Soo Line and other Defendants relating to the same Incident that is at issue in this case and includes the same claims against Soo Line that are present in this case. Thus, Ward's choice to litigate some of the same issues presented in this case in federal court in Indiana shows that he finds that court to be a preferred forum. Therefore, a consideration of the plaintiff's choice of forum favors a transfer.

II. Convenience of Parties and Witnesses

Soo Line argues that the convenience of the parties and witnesses would be best served by a transfer of the instant action to the Northern District of Indiana. Moving Defendants contend that certain key witnesses may be located in Illinois and Wisconsin. However, the record reflects that many more relevant materials and witnesses are located in Indiana. For example, the record reflects that Ward's residence and the health care professionals who treated Ward are located in the Northern District of Indiana. Although Moving Defendants argue that the Northern District of Indiana is not particularly convenient, Moving Defendants fail to provide sufficient facts relating to the convenience factor explaining why Illinois is such a convenient forum. Although Moving Defendants argue that witnesses and materials may be located outside of Indiana, in Canada, and in other states such as Wisconsin, Pennsylvania, there has not been a showing by Moving Defendants as to why litigating in the Northern District of Indiana would materially shift any inconveniences. Moving Defendants acknowledge that some of their own witnesses are located in Wisconsin. Thus, such witnesses will need to travel, regardless, and there is no showing that the Northern District of Indiana is substantially farther from them than the Northern District of Illinois or would materially increase their hardship. The Northern District of Indiana is clearly more convenient than litigating in this district. The mere fact that counsel for Moving Defendants do not want to travel to Indiana is not a legitimate reason to keep this case in Illinois. Thus, the convenience factor clearly favors a transfer.

III. Interest of Justice

Soo Line contends that the interest of justice would be promoted by a transfer to the Northern District of Indiana. In addressing the interest of justice factor, a court may consider: (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards." *Coffey*, 796 F.2d at 220-21, 221 n.4. The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National Presto Indus., Inc.*, 347 F.3d at 664. In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim. *Id.*

In the instant action, since Plaintiff and key witnesses are located in the Northern District of Indiana, the court in that district could proceed more efficiently in this case. The injury in question also was caused to an Indiana resident, which involves a local interest in Indiana. In addition, since the Indiana Action relates to the same Incident and some of the same claims, a transfer would send the case to a court that has already been considering many of the same facts and legal issues. A transfer would also ensure that there are not inconsistent rulings regarding the same

issues. Soo Line has also shown that unlike in the instant action, the parties have engaged in discovery and the case has moved beyond the pleadings stage. Enabling the Indiana federal court to resolve this case and the Indiana Action would be the most efficient manner to proceed.

    Moving Defendants cite case law for the notion that a court should not transfer a case when it simply shifts the inconvenience and makes it more convenient for the defendants at the expense of the plaintiff. (MD Ans. 3). Such case law has limited relevance, however, in a case such as this where the plaintiff resides in the proposed district and has not formally objected to the transfer. Moving Defendants also argue that certain developments in the Indiana Action would result in a delay of rulings that could readily be made in this case. However, there has been no showing by Moving Defendants that their expected rulings or expected delays are anything more than speculation on their part as to how the court will proceed in the Indiana Action. To the extent that Moving Defendants seek to pursue a motion to dismiss against Ward, they have potentially already delayed a ruling on such a motion by contesting the transfer and briefing the transfer issue. Moving Defendants' proposed resolution of claims in this district would result in duplicative and piecemeal judicial action, and would not promote the effective and efficient administration of justice or judicial economy. Nor can Ward legitimately argue that the Indiana federal court cannot properly address his claims in this case since Ward himself chose to file another action in such court regarding many of the same issues.

    Moving Defendants also argue that the negligence claim that mirrors the

claims in this case was technically not added to the Indiana Action until after this case was filed. However, this Circuit does not follow a rigid first-to-file rule when determining the proper forum, particularly when as in the instant action, judicial efficiency would be promoted by a transfer. *See Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 982 (7th Cir. 2010)(stating that "where a district court faces one of two identical lawsuits and one party moves to transfer to the other forum, the court should do no more than consider the order in which the suits were filed among the factors it evaluates under 28 U.S.C.§ 1404(a)"). Thus, the interest of justice factor clearly favors a transfer. Based on the above, the motion to transfer is granted.

## CONCLUSION

Based on the foregoing analysis, Soo Line's motion to transfer is granted and the instant action is transferred to the Northern District of Indiana, Hammond Division.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 20, 2015